[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
For reasons briefly stated below, this case must once again be remanded to the respondent Connecticut Bar Examining Committee (BEC) for further proceedings.
The factual background of the case is described in Friedman v.Connecticut Bar Examining Committee, 6 Conn.Ops. 1358 (2000) (FriedmanI). Familiarity with Friedman I will be assumed.
Friedman I remanded the case to the BEC for findings of fact concerning two issues: (1) Friedman's 1995 examination and (2) Friedman's asserted lack of present candor. On May 9, 2001, the BEG filed a Revised Memorandum of Decision (the Revised Memorandum). The BEC's findings concerning issue (1) are adequate for purposes of judicial review; its findings concerning issue (2) are not.
Friedman I observes that the BEG's initial Memorandum "makes no finding identifying the specific testimony found untruthful." 6 Conn.Ops. at CT Page 11291 1360. The case was remanded to the BEC to correct this defect. The Revised Memorandum now "finds" that, "Mr. Friedman was untruthful when he testified under oath before this panel and denied any wrongdoing." No transcript citations for this "finding" are supplied. The BEC's counsel informed the court at argument that the phrase "denied any wrongdoing" does not purport to be a phrase that Friedman himself has actually uttered. Rather, the phrase is one authored by the BEC. This "finding" is not a finding at all. It is, apparently, a statement of the BEC's opinion. Under these circumstances, the court still has no findings to review.
For these reasons, the Revised Memorandum fails to comport with the mandate of Friedman I. The case is once again remanded to the BEG for findings "identifying the specific testimony found untruthful." 6 Conn.Ops. at 1360.
Jon C. Blue Judge of the Superior Court